```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

PIERRE MICHAEL CADET,
              Plaintiff,

     v.                          Civil Action No.  05-10975-PBS

RAOUL BONBON, ET AL.,
              Defendants
_____


PIERRE MICHAEL CADET,
              Plaintiff,

     v.                          Civil Action No.  05-11790-PBS

MR. VINCENT ("LNU")¹,
              Defendant
```

MEMORANDUM AND ORDER

SARIS, D.J.

For the reasons set forth below: (1) To the extent Plaintiff seeks to add Mr. Vincent LNU as a Defendant in Civil Action No. 05-10975-PBS, such request is denied; (2) Civil Action No. 05-11790-PBS is dismissed in its entirety; and (3) Plaintiff is advised that the filing of frivolous or vexatious Complaints in the future may result in the imposition of sanctions against him.

BACKGROUND

1.  Civil Action No. 05-10975-PBS

On May 4, 2005, Plaintiff Pierre Michael Cadet, a Haitian student at Medford High School, filed a civil rights complaint against a Medford High School teacher and a school secretary. That action was assigned as Cadet v. Bonbon, et al., C.A. 05-

---

[1] Last name is unknown ("LNU").

10975-PBS.

    Plaintiff alleged, *inter alia*, that he suffered harassment (name-calling, insults, slight batteries) by the defendants, and his course grades were wrongfully lowered by his teacher.  More specifically, Plaintiff claims that his teacher, Mr. Bonbon, also Haitian, acted improperly with respect to all Haitian students at the school, threatening expulsion and exerting power over them, and speaking in Creole notwithstanding school regulations state he is only to speak in English.  Plaintiff further alleges that Mr. Bonbon told him and the other students that if they wanted to fight him he would beat and kill them.

    With respect to specific allegations as to the wrongful conduct against him, Plaintiff claims that Mr. Bonbon began acting against him in October, 2002, calling him a variety of derogatory names, some in English and others in Creole. Plaintiff alleges this is because he had had a political discussion with Mr. Bonbon and they disagreed about the Haitian President.  From that point to the present, Plaintiff claims he was discriminated against and harassed and physically and verbally assaulted by both Defendants.  He also claims he was called "Massissi sal", which translates to "dirty gay."

    Finally, Plaintiff claims that Defendant Raoul Bonbon lowered his grades from A+ or A to lower grades, and that Defendant told him he wanted to change his grades because of his

mouth.

On May 17, 2005 this Court issued an Order (#3) finding that Plaintiff's application to proceed *in forma pauperis* was deficient, and denying the motion (#1) and directing Plaintiff to either pay the $250.00 filing fee within thirty-five (35) days, or file a completed Application to Proceed Without Prepayment of Fees, which specifically included further financial information as to his employment, wages, and other assets.

On May 26, 2005, Plaintiff paid the $250.00 filing fee and summonses issued as to each defendant. Plaintiff was instructed to effectuate service on the defendants, however, to date, Plaintiff has not filed a proof of service as to any defendant. Recently, he has requested appointment of counsel and also requested the Court circumvent the Federal Rules of Civil Procedure, or to enter judgment prior to service of the Complaint upon the defendants.

    2.   <u>Civil Action No. 05-11790-PBS</u>

On August 31, 2005 Plaintiff Cadet filed, pro se, a Complaint against Defendant Mr. Vincent LNU (Last Name Unknown) who is a Haitian interpreter or translator at Medford High School. Compl. ¶2. Plaintiff alleges he is a citizen of Haiti and his residence appears to be unknown.

The crux of this Complaint is that in July 2003, during a

summer course, Plaintiff was walking in the hallway of the school when he heard the Defendant behind him. As he turned around, Defendant told him:

> ...everybody here already knows what you are. You do not need to look at the back. Do what you are going to do, zinglindoo. If you keep watching people to steal, one day they will keep you. You would steal in Haiti, now you move to the United States, you keep stealing and robbing. All bad things seem to you Cadet, and you have many bad names. You are massissi, stealer, robber, and zinglindoo. You are all bad things.

Compl. at 2. The remainder of the Complaint contains a narration concerning Plaintiff's traverses with other employees at the school, including the security officers,[2] the defendants Raoul Bonbon and Gislaine Bonbon (the defendants in the prior litigation), and Miss Blackburn (a retired employee in charge of schedules who is alleged to have been protective of Defendants in the related action).

He also attaches a letter in which (it appears) he seeks to add Defendant Vincent LNU to his complaint against Defendants Raoul Bonbon and Gislaine Bonbon. He states he does not know Mr. Vincent's last name, and advises the Court can write to him care-of Medford High School. His Complaint also attaches names and

---

[2] Plaintiff requests the Court send a letter to each of the security officers listed in the Complaint (and identified by photograph), because "all of them used to follow me from class to class, from my locker to the cafeteria or to the Gym. They will have to come to answer some questions about the reason Gislaine Bonbon used to call them each time when I went to change my schedule to come to keep me stolen." Attachment to Complaint..

4

addresses of students and requests the court send the parents of each a letter, although the content of the requested letter or the purpose is not specified.  Presumably, these are lists of witnesses on his behalf.  Also attached is a list of subjects Defendant Raoul Bonbon taught him from September 2002 to May 2005, and a transcript of his grades from Medford High School, dated July 5, 2005.

The civil cover sheet which Plaintiff filled out indicates his action is a civil rights action, although he has also checked the box for "death penalty" and "prison conditions."  He describes his cause of action that "he told me I have all bad names, robber ...and he called me by those names."  As part of his demand, he seeks to have the Defendant imprisoned.  The letter which he attaches to the Complaint states: "<u>I would like the Judge [to] send Mr. Vincent...to jail for those things he told me.  I do not want money.  I would like you to fix his sentence between 30 and 40 years to jail</u>."  Attachment to Complaint (emphasis added).

Plaintiff did not pay the filing fee, nor did he file an Application to Proceed Without Prepayment of Fees.

### ANALYSIS

I.  <u>Request to Add Mr. Vincent LNU as a Defendant in C.A. 05-10975-PBS</u>

To the extent that Plaintiff seeks to add Mr. Vincent LNU as a Defendant in <u>Cadet v. Bonbon, et al.</u>, Civil Action No. 05-

5

10975-PBS, the request is denied. Plaintiff did not file an Amended Complaint pursuant to Fed. R. Civ. P. 15 seeking to name Defendant Vincent LNU. Rather, he filed a separate Complaint, along with a Civil Cover sheet, evidencing an intention to file this as a separate action. Moreover, while the two cases are related in the sense that the alleged actions all took place at Medford High School by school employees, the claims, as pled, are otherwise factually and legally unrelated. Finally, because this action is dismissed *sua sponte* for the reasons stated herein, addition of Defendant Vincent LNU as a party in Civil Action No. 05-10975-PBS is futile.

II.  Lack of Jurisdiction/Failure to State a Claim

In order for this Court to review Plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) (court has an obligation to inquire *sua sponte* whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking).

Here, Plaintiff has failed to set forth any set of circumstances which would invoke either the federal question or diversity jurisdiction of this Court, as discussed below.

6

A.   <u>Diversity</u>

Under 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  However, diversity must be complete:  the citizenship of each plaintiff must be shown to be diverse from that of each defendant.  <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978).

Here, Plaintiff has not shown diversity of citizenship. More importantly, he has stated he is not seeking monetary damages, and therefore cannot, on the face of the Complaint, establish that the amount in controversy exceeds $75,000.  Thus, even if Plaintiff had pled a cognizable state-law claim based on the alleged insults of Mr. Vincent, this Court lacks jurisdiction over such claim.

B.   <u>Federal Question</u>

Federal district courts have original jurisdiction over "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; <u>Vigueira v. First Bank</u>, 140 F.3d 12, 17 (1st Cir. 1998).  Generally, a claim arises under federal law within the meaning of Section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint.  <u>See City of Chicago v. International College of Surgeons</u>, 522 U.S. 156, 163 (1997).  The

well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of a plaintiff's complaint. Viqueira, 140 F.3d at 17.

Here, Plaintiff has failed to set forth any claim which would invoke the federal question jurisdiction of this Court, based solely on alleged verbal insults by Mr. Vincent LNU.

    1.   Civil Rights Claim

Although Plaintiff's Civil Cover sheet accompanying the Complaint has checked off "civil rights" as his cause of action, Plaintiff has not stated a cognizable civil rights claim under 42 U.S.C. § 1983. In order to state a § 1983 civil rights claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992).

Here, Plaintiff has not alleged that Mr. Vincent LNU, is a state actor for purposes of § 1983. Even assuming that, as an interpreter/employee for the Medford Public School, he could be held to be a state actor, Plaintiff has still failed to meet the second prong by alleging that such conduct deprived the Plaintiff of any constitutional rights.

2.  <u>Criminal Prosecution Claim</u>

To the extent that Plaintiff, a private citizen, seeks to have Mr. Vincent LNU sentenced "to 30 to 40 years in jail," the request is construed as a request to have Mr. Vincent LNU criminally prosecuted for his alleged verbal insults against the Plaintiff. As such, this Court lacks jurisdiction over the request, and, concomitantly, the Plaintiff has also failed to state a legally cognizable claim against Mr. Vincent LNU, because a private citizen may not prosecute a criminal action.

Federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney. <u>See e.g.</u>, <u>United States v. Panza</u>, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney."); <u>Pugach v. Klein</u>, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute). Section 547 of Title 28 states that "<u>Except as otherwise provided by law</u>, each United States attorney, within his district, shall (1) prosecute <u>all</u> offenses against the United States." 28 U.S.C. § 547 (1) (emphasis added).

Here, Plaintiff does not have standing to bring a criminal

action against Mr. Vincent LNU because no statute authorizes him to do so.  Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990) (same); cf. Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (no constitutional right under the Equal Protection Clause to secure the prosecution of another). 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).  Thus, the complaint is subject to dismissal.  See Kennan, 328 F.2d at 611; Cok, 876 F.2d at 2; Warfield, 184 F.R.D. at 555.

       3.   Death Penalty and Prison Conditions

As noted above, Plaintiff also checked off on the Civil Cover sheet that the cause of action was "Death Penalty" and "Prisoner Conditions."  It is unclear why these options were invoked.  An inference which may be drawn is that either

Plaintiff seeks the death penalty against Mr. Vincent, or that he is claiming he is under prison-like conditions. In any event, those claims are utterly irrelevant in this action and will not be considered further.

III. <u>Plaintiff is Subject to Future Sanctions</u>

   A.   <u>Authority To Impose Sanctions under Fed. R. Civ. P. 11</u>

   Under Rule 11, this Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. <u>See</u> Fed. R. Civ. P. 11(b)(1), (2);[3]  <u>Eagle Eye Fishing Corp. v. U.S.</u>

---

[3] Rule 11 provides in pertinent part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the

Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); Pronav Charter II, Inc. v. Nolan, 206 F. Supp.2d 46, 54 (D. Mass. 2002) (warning *pro se* party against whom sanctions were sought, albeit unsuccessfully, that Rule 11 applies to *pro se* litigants).

One of the central purposes of Rule 11 is to protect parties and the Court from wasteful, frivolous, and harassing lawsuits, and the rule provides for sanctions as a deterrent to such abusive conduct. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992). "The imposition of a Rule 11 sanction usually serves two main purposes: deterrence and compensation. . . . Encompassed within these objectives are several related subsidiary goals, e.g., punishing litigation abuse and facilitating case management." Id. (internal citations omitted).

The Advisory Committee Notes regarding the 1993 amendments to Rule 11 set forth various factors that properly may be considered in determining whether sanctions under the rule are warranted.[4]

---

evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11.

[4] These include: "[1][w]hether the improper conduct was willful, or negligent; [2] whether it was part of a pattern or activity, or an isolated event; [3] whether it infected the entire pleading, or only one particular count or defense; [4] whether the person has engaged in similar conduct in other litigation;" [5] whether it was intended to injure; [6] what effect it had on the litigation process in time or expense; [7] whether the responsible person is trained in the law; [8] what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case;

In the instant case, this Court finds that Plaintiff's Complaint seeking to have Mr. Vincent LNU put in jail for 30 to 40 years because of alleged verbal epithets, constitutes a frivolous and vexatious filing, and with improper motivation.[5] While the Court recognizes that Plaintiff is *pro se* and with little legal knowledge of court procedures, the clear inference drawn from the pleadings is that Plaintiff's Complaint is motivated by the quest for vengeance against Mr. Vincent LNU, and no reasonable person could suppose this claim (for 30 to 40 years jail time based on verbal insults) to have any merit. Such behavior by the Plaintiff results in the expenditure of significant time and resources of the Court in processing, docketing, reviewing the filings and preparing the Order for dismissal.

Accordingly, Plaintiff is advised that his *pro se* status will

---

and [9] what amount is needed to deter similar activity by other litigants.  Fed. R. Civ. P. 11 Advisory Committee Notes (1993); <u>Vasile v. Dean Witter Reynolds Inc.</u>, 20 F. Supp.2d 465, 506 (E.D.N.Y. 1998), <u>aff'd</u>, 205 F.3d 1327 (2nd Cir. 2000).

[5]Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation."  <u>Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc.</u>, 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); <u>accord Alexander</u>, 121 F.3d 315-16 (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist").  Vexatious conduct may be found even in the absence of subjective bad intent, <u>Local 285 Serv. Employees Int'l</u>, 64 F.3d at 737, and "to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit."  <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000).

not immunize him from future sanctions should he continue to file this type of Complaint in this Court, and Plaintiff is also warned that serious measures, including the imposition of monetary sanctions and/or an order enjoining him from filing further Complaints in this Court, may be taken in order to make clear that such misconduct will not be tolerated.  See, e.g., Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (upholding imposition of monetary sanctions pursuant to Rule 11 against a *pro se* litigant, noting that such a litigant "'has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'") (quoting Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)).

> B. Court's Inherent Powers to Impose Sanctions

In addition to the power to impose sanctions under Rule 11, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through the issuance of orders or the imposition of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Associates, Inc., 156 F.3d 101, 109 (1st Cir. 1998) (finding no abuse of discretion when district court, under inherent powers rather than Rule 41,

dismissed complaint and entered default judgment as a sanction for plaintiff's "protracted delay and repeated violation of court orders"); Alexander v. United States, 121 F.3d 312, 315-316 (7th Cir. 1997) (pursuant to court's inherent authority, sanctioning inmate $500 on account of his repetitious, meritless litigation).

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427 (1st Cir. 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) for the proposition that "[f]ederal courts . . . possess discretionary powers to regulate the conduct of abusive litigants" and Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) for the power to enjoin a party from filing "frivolous and vexatious lawsuits" pursuant to such authority).

For the reasons previously set forth, the imposition of sanctions in the future may be warranted pursuant to this Court's inherent authority as well.

Accordingly, Plaintiff is hereby warned that similar conduct in filing abusive, frivolous, or vexatious filings in this Court may result in the imposition of sanctions, including an order enjoining him from further filings in this Court.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. To the extent Plaintiff seeks to add Mr. Vincent LNU as a Defendant in Civil Action No. 05-10975-PBS, such request is

     denied;

2. Civil Action No. 05-11790-PBS is dismissed in its entirety; and

3. Plaintiff is advised that the filing of frivolous or vexatious Complaints in the future may result in the imposition of sanctions against him.

SO ORDERED.

Dated: September 6, 2005    /s/ Patti B. Saris
                                      PATTI B. SARIS
                                      UNITED STATES DISTRICT JUDGE