```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

PIERRE MICHAEL CADET,
                Plaintiff,

    v.                            Civil Action No.  05-10975-PBS

RAOUL BONBON, ET AL.,
                Defendants

---

PIERRE MICHAEL CADET,
                Plaintiff,

    v.                            Civil Action No.  05-11790-PBS

MR. VINCENT ("LNU")[1],
                Defendant

## FURTHER MEMORANDUM AND ORDER

SARIS, D.J.

On September 6, 2005 this Court issued a Memorandum and Order in the above captioned cases, directing dismissal of Civil Action No. 05-11790-PBS[2] for the reasons stated therein. The Memorandum and Order also denied Plaintiff's request to add Mr. Vincent (LNU) as a Defendant in Civil Action No. 05-10975-PBS,[3]

---

[1] Last name is unknown ("LNU").

[2] On August 31, 2005 Plaintiff Cadet filed, *pro se*, a Complaint against Defendant Mr. Vincent LNU (Last Name Unknown) who is a Haitian interpreter or translator at Medford High School. That action was assigned as Cadet v. Vincent, Civil Action 05-11790-PBS. The crux of this Complaint is that in July 2003, during a summer course, Plaintiff was walking in the hallway of the school when he heard the Defendant spew various verbal epithets at him.

[3] The Complaint in Cadet v. Bonbon, et al., C.A. 05-10975-PBS was filed on May 4, 2005. Plaintiff Pierre Michael Cadet, a Haitian student at Medford High School, asserted civil rights

and warned Plaintiff that he is subject to sanctions if he files frivolous or vexatious pleadings in the future.

On September 14, 2005, Plaintiff sent a handwritten letter (#11) to the Court (directed to Susan Jenness, *pro se* intake clerk), requesting that this Court not dismiss Cadet v. Bonbon, Civil Action 05-10975-PBS, but agreeing to the dismissal of Cadet v. Vincent, Civil Action 05-11790-PBS. Plaintiff seeks reconsideration of his case Cadet v. Bonbon, Civil Action 05-10975-PBS, which apparently he believes (erroneously) has been dismissed by this Court.

To date, only Cadet v. Vincent, Civil Action 05-11790-PBS has been dismissed.  Accordingly, the Plaintiff's request for reconsideration in Cadet v. Bonbon, Civil Action 05-10975-PBS is moot.  However, upon review of the pleadings in that action, it appears that further Orders are necessary at this juncture, as set forth below.

### FURTHER ORDERS IN CIVIL ACTION 05-10975-PBS

On May 4, 2005 Plaintiff filed the Complaint in Civil Action 05-10975-PBS, accompanied by an Application to Proceed *in forma pauperis*.  On May 17, 2005 this Court denied Plaintiff's Application to Proceed *in forma pauperis*, without prejudice to

---

claims against a Medford High School teacher and a school secretary. Plaintiff alleged, *inter alia*, that he suffered harassment (name-calling, insults, slight batteries) by the defendants, and his course grades were wrongfully lowered by his teacher.

resubmittal upon filing complete financial disclosures. On May 26, 2005, Plaintiff paid the $250.00 filing fee, and on June 16, 2005 summonses issued as to each named Defendant in this action. Plaintiff was advised at that time that he was responsible for ensuring proper service on the defendants within 120 days of issuance of the summonses, failing which, this action was subject to dismissal.

On June 29, 2005, Plaintiff filed a letter (#6) addressed to the *pro se* intake clerk seeking appointment of counsel and service on the defendant Raoul Bonbon. On July 15, 2005, Plaintiff sent the *pro se* intake clerk another letter (#7), which is not coherent. The letter states, in part: "Can you cancel the Federal Rules of Civil Procedure to something else?" and references his intention not to pursue this case as a class action matter. He also requests this Court "fix the day of judgment." Letter, Docket #7. Plaintiff indicates he was under the assumption that his Complaint would be resolved within a month (while he was in school), and has agreed to withdraw his claim for a jury if that will expedite the process.

1.  Request for Appointment of Counsel

To the extent that Plaintiff's June letter is construed as a request for appointment of counsel, such request is denied without prejudice to renew if and when the Defendants file a response to the Complaint, after proper service has been

effectuated.

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

Here, as a threshold matter, Plaintiff has not demonstrated that he qualifies for appointed counsel by the Court. His request to proceed *in forma pauperis* was denied, and the Plaintiff elected to pay the filing fee rather than submit a renewed application with complete financial disclosures. The Court also notes the discrepancy found in the Plaintiff's original *in forma pauperis* application in which he indicated he was a student at Medford High School and had no income in the past 12 months, and

no cash or savings or other assets.  However, he stated he has a sister in Haiti and helps her financially.  See Docket #1 ¶6.  The inference raised here is that Plaintiff has, in fact, had some money to provide her, but the source of the money is unclear.

Additionally, although Plaintiff claims to have made attempts to retain counsel on his behalf and has been unsuccessful, he has not demonstrated the kind of exceptional circumstances which would warrant appointment of counsel at this juncture.  The Court has considered Plaintiff's lack of legal knowledge and the fact that he does not understand English well.  These type of claims are not uncommon by *pro se* litigants and are not deemed to be the kind of exceptional circumstances warranting counsel at this time.

Finally, Plaintiff has failed to set forth sufficient grounds to warrant appointment of counsel based on the merits of his case.  Likelihood of success on the merits is far from clear at this juncture.  Moreover, based on Plaintiff's statements made in Civil Action 05-11790-PBS, Plaintiff's motivation in bringing this action is also suspect.  Simply stated, Plaintiff has not set forth any factors which would sway this Court to expend the limited resources and availability of *pro bono* counsel for this action, at this time, and therefore Plaintiff's request is denied.  The denial is without prejudice, however, to the

Plaintiff seeking to renew his request, but only upon a proper showing in accordance with the parameters set forth in this Memorandum and Order with respect to financial eligibility and exceptional circumstances warranting appointment.

　　2.　Letters to *Pro Se* Intake Clerk

　　To the extent Plaintiff's letters (##6,7,11) to the *pro se* intake clerk seek action by this Court to circumvent the Federal Rules of Civil Procedure, or to enter judgment prior to service of the Complaint upon the defendants, such requests are denied. Plaintiff is again advised that he is responsible for service of process upon the defendants in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.  The Court will <u>not</u> perform service of process on his behalf, nor is the Plaintiff entitled to free service by the United States Marshal, since he has not demonstrated sufficiently that his is without sufficient funds to do so.

　　In order to afford Plaintiff an opportunity to evaluate whether he wishes to proceed with this litigation in light of this Court's rulings to date, and if so, to effectuate service of process, this Court will extend the time period for service of process upon the defendants to <u>December 31, 2005.</u>　Failure of the Plaintiff to file a proof of proper service upon the defendants by December 31, 2005 will result in a dismissal of this action.

The Court will take no further action in this case pending the proof of service, and Plaintiff is instructed that letters shall not be directed to the *pro se* intake clerk seeking Court action.  If the Plaintiff seeks further action by this Court, he must submit a "Motion" clearly stating the specific relief sought and the grounds therefore.  Such a document must include the caption of this case and the docket number, and may be directed to the Clerk, United States District Court, and/or to the attention of Christine Patch, docket clerk, or Robert Alba, courtroom clerk, and not Susan Jenness, *pro se* intake clerk.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. To the extent Plaintiff seeks reconsideration of the dismissal of Civil Action No. 05-10975-PBS, such request is denied as moot since this action has not been dismissed;

2. Plaintiff's request for appointment of counsel (#6) is denied without prejudice;

3. Plaintiff shall effectuate service of process on the Defendants in Civil Action No. 05-10975-PBS by no later than December 31, 2005, failing which, this action shall be dismissed; and

4. Any request for action in this case by this Court shall be filed in the form of a "Motion" clearly indicating the relief sought and the caption of the case, and directed to the attention of either Christine Patch, docket clerk, or Robert Alba, courtroom clerk, and not Susan Jenness, *pro se* intake clerk.

SO ORDERED.

Dated: October 11, 2005

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE